UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| FORA FINANCIAL ADVANCE, LLC,<br><br>　　　　　　　　　　Plaintiff,<br>– against –<br><br>CONCEPT 32 INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 21-cv-2157<br><br>**COMPLAINT** |

Plaintiff Fora Financial Advance, LLC ("Fora Financial" or "Plaintiff"), by its attorneys, as and for its complaint against defendant Concept 32 Inc. ("Concept 32" or "Defendant"), alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1332(a).

2. This Court has supplemental jurisdiction under 28 U.S.C. §1367 for substantial and related claims brought under the statutory and common law of the State of Colorado.

3. Venue is founded on 28 U.S.C. §1391(b).

## THE PARTIES

4. Fora Financial is a limited liability company duly organized and existing under the laws of the state of New York, and maintains its principal place of business at 519 Eighth Avenue, 11th Floor, New York, NY 10018.

5. Concept 32 is a corporation duly organized and existing under the laws of the state of Colorado, and maintains its principal place of business at 117 S. Sunset St., Suite G, Longmont, CO 80501.

## FACTS COMMON TO ALL COUNTS

6. Fora Financial is a respected and well-known company providing small business financing throughout the United States.

7. Fora Financial was founded in 2009 and has since funded more than 11,000 customers' financing agreements nationwide, including more than 350 to customers in the state of Colorado.

8. On or about June 28, 2021, Concept 32 or an agent acting or purporting to act on its behalf, approached Fora Financial for small business financing (the "Concept 32 Application").

9. In support of the Concept 32 Application, numerous and detailed Concept 32 records were tendered to Fora Financial, including, federal tax returns, profit and loss statements, balance sheets, bank statements, voided checks, and, with respect to Concept 32 principals Isaiah Rozek and Michelle Rozek, personal tax returns and copies of their drivers' licenses.

10. Based on the documentation tendered, Fora Financial underwrote the Concept 32 Application, approved it, and Fora Financial, believing again that Concept 32 was seeking financing, countersigned a financing agreement with Defendant. A true and correct copy of the fully executed financing agreement dated July 2, 2021 (the "Financing Agreement"), is attached hereto as Exhibit A.

11. In furtherance of the Financing Agreement, on or about July 6, 2021, Fora Financial wired $475,800 (the "Funds") from Fora Financial's bank account into Concept 32's bank account. A true and correct copy of the wire transfer is attached hereto as Exhibit B.

12. Soon thereafter, to Fora Financial's shock and surprise, Concept 32 communicated that it did not know who Fora Financial was, never sought out financing from Fora Financial, nor ever signed any such Financing Agreement, and explicitly directed that Fora Financial not ACH debit funds from Concept 32's bank account, in direct contravention of the terms of the Financing Agreement.

13. On July 7, 2021, Jason Solomon, Vice President of Partnership Development for Fora Financial, spoke on the telephone with Isaiah Rozek. During that telephone call, Isaiah Rozek confirmed receipt of the Funds and on-going possession of the Funds. However, Isaiah Rozek denied that Concept 32 signed the Financing Agreement with Fora Financial.

14. On July 8, 2021, as a follow up to Jason Solomon's communications with Isaiah Rozek, Jonathan Headley, Director of Collections & Servicing for Fora Financial, also spoke with Isaiah Rozek by telephone. During that telephone call, Isaiah Rozek again confirmed receipt of the Funds and on-going possession of the Funds. Isaiah Rozek once again denied that Concept 32 signed the Financing Agreement with Fora Financial. Furthermore, during that telephone call and in view of Mr. Rozek's admission, Headley demanded Isaiah Rozek return the Funds. Headley confirmed this telephone conversation via e-mail and even tendered to Concept 32 a full release of claims in exchange for return of the Funds. A true and correct copy of those e-mails are attached as Exhibit C.

15. On July 8, 2021, at Isaiah Rozek's request, Headley spoke with Concept 32's counsel, Stephen Donelson, by telephone. During that telephone call, Stephen Donelson confirmed Concept 32's receipt and on-going possession of the Funds. During the call, Jonathan Headley reiterated Fora Financial's demand for return of the Funds. However, Stephen

Donelson communicated that Concept 32 had made a claim with its insurance carrier and would not return the Funds until receiving insurance carrier approval.

16. On July 9, 2021, Isaiah Rozek sent an e-mail to Headley reconfirming Concept 32's position that no Financing Agreement had been signed and withdrawing authority (or communicating no authority to) engage in ACH withdrawals by Fora Financial of Concept 32's bank account, in direct contravention of Sections 4 and 6 of the Financing Agreement.  See a true and correct copy of said e-mail attached hereto as Exhibit D.

17. That same day counsel, Fora Financial repeated its demand upon Concept 32's counsel for return of the Funds, and, again, even offered a full release of claims in exchange for such return.  However, Concept 32 by counsel, while claiming that Concept 32 received the Funds through fraud, communicated that the Funds would not be returned and he was referring the matter to Concept 32's insurance carrier.

18. On July 15, 2021, counsel for Fora Financial followed up with Concept 32's counsel regarding return of the Funds.  However, Concept 32 by counsel reiterated that his client would not return the Funds to Fora Financial.

19. Upon information and belief, Fora Financial alleges that Concept 32 did in fact authorize an agent to seek financing; that such agent represented itself as having authority to seek out financing from Fora Financial; that Fora Financial has operated in good faith at all relevant times; that Fora Financial has offered Concept 32 a novation and release; that Concept 32 is withholding Fora Financial's Funds for fear of unrealized third party claims; and Fora Financial has been damaged as a result.

## COUNT I

## CONVERSION OF THE FUNDS

20. Plaintiff repeats and realleges paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Concept 32 has exercised unauthorized retention of the Funds.

22. Concept 32 has exercised unauthorized dominion over the Funds.

23. Fora Financial has the legal right to the Funds.

24. Fora Financial has the immediate right to possession of the Funds.

25. Despite multiple demands, Concept 32 has converted the Funds for its own use.

26. Fora Financial has been damaged as a result of Concept 32's actions.

27. Fora Financial seeks an award of damages in the amount of $475,800, plus interest and such other amounts as allowed under law resulting from Concept 32's conversion.

## COUNT II

## MONEY HAD AND RECEIVED

28. Plaintiff repeats and realleges paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Concept 32 received the Funds under circumstances to which it acknowledges it is not entitled to such monies.

30. Concept 32 has received money which, in equity and good conscience, it ought to pay over.

31. Concept 32 refuses to return the Funds in derogation of Plaintiff's rights.

32. Fora Financial seeks an award of damages in the amount of $475,800, plus interest and such other amounts as allowed under law under the principle of money had and received.

## COUNT III

## STATUTORY CIVIL THEFT OF THE FUNDS

33. Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Colorado statutes 18-4-405 provides: "All property obtained by theft, robbery, or burglary shall be restored to the owner, and no sale, whether in good faith on the part of the purchaser or not, shall divest the owner of his right to such property. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees; but monetary damages and attorney fees shall not be recoverable from a good-faith purchaser or good-faith holder of the property."

35. Colorado statutes 18-4-401 provides: "(1) A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception; or receives, loans money by pawn or pledge on, or disposes of anything of value or belonging to another that he or she knows or believes to have been stolen, and: (a) Intends to deprive the other person permanently of the use or benefit of the thing of value; (b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; (c) Uses, conceals, or abandons the

thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit; (d) Demands any consideration to which he or she is not legally entitled as a condition of restoring the thing of value to the other person; or (e) Knowingly retains the thing of value more than seventy-two hours after the agreed-upon time of return in any lease or hire agreement. (1.5) For the purposes of this section, a thing of value is that of "another" if anyone other than the defendant has a possessory or proprietary interest therein."

36. Colorado statutes 18-4-401 further provides: "(2) Theft is … (i) A class 3 felony if the value of the thing involved is one hundred thousand dollars or more but less than one million dollars.

37. The Colorado Supreme Court held in *Itin v. Ungar, P.C.*, 17 P.3d 129, 133-134 (2000): "The Rights in Stolen Property statute's provision of a private remedy enabling the property owner to recover the stolen property appears inconsistent with the requirement that the taker must first be convicted of a crime. This inconsistency is evident from the fact that the stolen property would have been returned already to the owner in the event that the taker was prosecuted by the government and convicted for the crime of theft … As discussed, placement within the Criminal Code requires that the owner of the property must prove that the taker or the defendant committed *acts* constituting at least one of the statutory crimes. With respect to the crime of theft claimed here, all of its statutory elements must be proved, including the two culpable mental states: (1) that the defendant knowingly obtained control over the owner's property without authorization and (2) that he or she did so with the specific intent to permanently deprive the owner of the benefit of property. *See* § 18–4–401(1). Only upon proof

of the criminal act of theft may the owner recover treble damages, fees, and costs. … Given the omission of the words requiring proof of a conviction and given the focus on the rights of owners whose property has been taken by theft, robbery, or burglary, we conclude that the General Assembly intended the Rights in Stolen Property statute to provide an owner with a private remedy against the taker that requires proof of a specified criminal act but not proof of a prior criminal conviction to recover treble damages, fees, and costs."

38. Under Colorado statutes 18-4-405, once theft is proven, treble damages are mandatory.

39. Under Colorado statutes 18-4-405, once theft is proven, attorneys' fees are mandatory.

40. Concept 32 knowingly obtained, retained or exercised control over the Funds of Fora Financial without authorization.

41. Concept 32 intended to deprive Fora Financial permanently of the use or benefit of the Funds, or, has demanded insurance coverage as a condition of return of the Funds to Fora Financial, consideration to which Concept 32 is not legally entitled as a precondition of restoring the Funds to Fora Financial.

42. Fora Financial and only Fora Financial has a possessory or proprietary interest in and to the Funds.

43. Fora Financial is entitled to treble damages of $1,427,400, attorneys' fees, and costs pursuant to Colorado statutes.

**WHEREFORE**, Fora Financial demands judgment against Concept 32 as follows:

(a) Damages in the amount of $475,800;

(b) Punitive damages in the amount of $1,427,400;

(c) Attorneys' fees and costs pursuant to Colorado statutes; and

(d) Such other relief as the Court deems just and proper.

Dated:   August 9, 2021

                TURCOTTE LAW, P.C.

                */s/ Jaafar A. Riazi*
                Jaafar A. Riazi, Esq.
                Colorado Bar No.: 44210
                575 Madison Avenue, 10th Floor
                New York, New York 10022
                *Attorney for Plaintiff*